IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 10-19971 |
| David B. Sablik, | ) | Hon. Janet S. Baer |
| | ) | (Kane County) |
| | ) | Hearing Date: September 22, 2017 |
| Debtor. | ) | Time: 11:00 a.m. |

**Notice of Motion**

TO:    See Attached Service List

PLEASE TAKE NOTICE that on Friday, September 22, 2017, at 11:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Janet S. Baer, or any bankruptcy judge sitting in her stead in Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois, and then and there present, the **Trustee's Motion to 1) Approve Compromise or Settlement Per Rule 9019 with the Catholic Bishop of Chicago and the Archdiocese of Chicago; 2) Pay Final Compensation to Jeff Anderson and Marc J. Pearlman, Co-Special Counsel to Trustee; 3) Pay Litigation Expenses; 4) Pay Debtor's Exemption and 5) Allow and Authorize Payment of Secured Claim of Medicare**, a true and correct copy of which is attached hereto and hereby served upon you.

　　　　　　　　　　　　　　　　　　　　　__/s/ Elizabeth C. Berg, as Trustee__

**Certificate of Service**

I, Elizabeth C. Berg, hereby certify that on August 30, 2017, I caused a true and correct copy of the foregoing notice of motion, the motion identified therein (including all exhibits) and a proposed order to be served on the persons on the attached service list at their respective addresses via CM/ECF electronic mail or first-class mail, as noted on the service list.

　　　　　　　　　　　　　　　　　　　　　__/s/ Elizabeth C. Berg, as Trustee__

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois 60602
(312) 726-8150
ecberg@ameritech.net

*Service List*

**David B. Sablik, debtor**
**Case No. 10-19971**

**Served Electronically Via CM/ECF**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

David H. Cutler
*Debtor's Counsel*
cutlerfilings@gmail.com

**Served by 1st Class United States Mail**

David D. Sablik
*Debtor*
43 W482 Coleman
Saint Charles, IL 60175

Marc Pearlman
*Trustee's Co-Special Counsel*
Kerns, Frost & Pearlman, LLC
30 West Monroe Street
Suite 1600
Chicago, IL 60603

Jeff Anderson
*Trustee's Co-Special Counsel*
Jeff Anderson & Associates PA
366 Jackson Street
Suite 100
St Paul, MN 55101

Jessica Cox
James A. Serritella, Esq.
*Counsel for The Catholic Bishop and The Archdiocese of Chicago*
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611-3586

Centers for Medicare & Medicaid Services
NGHP
PO Box 138832
Oklahoma City, OK 73113

IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 10-19971 |
| David B. Sablik, | ) | Hon. Janet S. Baer |
| | ) | (Kane County) |
| | ) | Hearing Date: September 22, 2017 |
| Debtor. | ) | Time: 11:00 a.m. |

**Trustee's Motion to 1) Approve Compromise or Settlement Per Rule 9019
with the Catholic Bishop of Chicago and the Archdiocese of Chicago;
2) Pay Final Compensation to Jeff Anderson and Marc J. Pearlman, Co-Special
Counsel to Trustee; 3) Pay Litigation Expenses; 4) Pay Debtor's Exemption; and
5) Allow and Authorize Payment of Secured Claim of Medicare**

Elizabeth C. Berg, not individually, but solely as trustee ("Trustee") of the bankruptcy estate ("Estate") of David B. Sablik, debtor ("Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and section 330 of title 11, United States Code ("Code"), moves this Court for the entry of an order 1) authorizing her to compromise and settle the Debtor's personal injury claim; and 2) allowing and authorizing the payment of the following from the settlement proceeds: a) final compensation to the Trustee's co-special counsel, b) valid litigation expenses, c) a personal injury exemption in the amount of $15,000.00 to the Debtor; and d) the allowed secured claim of Medicare. In support thereof, Trustee respectfully states as follows:

**Introduction**

1. Debtor commenced this case on April 30, 2010 by filing a voluntary petition for relief under chapter 7 of the Code and Roy Safanda was appointed as the chapter 7 trustee. On July 20, 2010, Trustee Safanda filed a report of no assets and the case subsequently closed on October 25, 2010.

2. On April 27, 2017, the office of the United States Trustee filed a motion to reopen the case to administer assets and on May 24, 2017, Elizabeth C. Berg was

1

appointed as successor chapter 7 trustee in this case. Ms. Berg remains the duly appointed, qualified and acting chapter 7 trustee in this case.

3. Upon the reopening of the bankruptcy case, a new deadline for filing claims was set with a bar date of September 13, 2017. Unsecured claims totaling $5,505.80 have been filed as of the date hereof. Based upon the amount of scheduled claims, the proofs of claim filed against the Estate to date and the value of the PI Claim described below, Trustee believes this will be a surplus estate.

4. On July 31, 2017, Debtor filed amended Schedules A/B and Schedule C to list a personal injury claim and to claim an exemption therein.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)2.

### The PI Claim

6. Among the assets of the Estate is Debtor's claim against the Catholic Bishop of Chicago, a corporation sole, (the "Catholic Bishop" or "Defendant") and the Roman Catholic Archdiocese of Chicago ("RCAC") for negligence in preventing clerical abuse ("PI Claim").

7. Prior to the case being reopened, Debtor independently retained Jeff Anderson ("Anderson") of Jeff Anderson & Associates and Marc J. Pearlman ("Pearlman") of Kerns, Frost & Pearlman as his attorneys to pursue the PI Claim on his behalf.

8. On June 23, 2017, this court entered an order ("Retention Order") authorizing Trustee to hire Messieurs Anderson and Pearlman as co-special counsel (together referred to as "Special Counsel") for the purpose of pursuing the PI Claim on behalf of the Trustee and the Estate.

9. Trustee is informed and believes that Medicare holds a valid lien against the PI Claim in the amount of $801.77 which Medicare has voluntarily agreed to reduce to $480.65 ("Medicare Lien"). Consequently, Trustee asserts that Medicare is entitled to

2

allowance of a secured claim in the amount of $480.65 on account of the Medicare Lien. Trustee is informed and believes that other than the Medicare Lien, there are no other valid liens against the PI Claim.

**Proposed Settlement**

10. In an attempt to resolve the PI Claim, the parties have engaged in discovery and settlement negotiations. As a result of their negotiations, the parties have reached an agreement to compromise and settle the PI Claim, the principal terms of which are as follows:

   a) The proposed settlement of the PI Claim is expressly subject to and conditioned upon the approval of this Bankruptcy Court;

   b) Trustee and Defendant agree to settle the PI Claim for $650,000.00, to be paid as follows: Within (35) days following the entry of this Court's order approving the settlement, Defendant, or its third party claims service provider, Gallagher Bassett Services, Inc., shall make a single lump sum payment to the Estate in c/o the Trustee in the amount of $649,519.35 ("Estate's Settlement Payment") and a single lump sum payment to Medicare in the amount of $480.65 ("Medicare Payment") on account of its allowed secured claim; and

   c) In exchange for the settlement payments described in subparagraph 10(b) above, Trustee shall release both the Estate's interests in the PI Claim and any claims the Estate may hold in connection therewith against the Defendant and any instrumentality of the Catholic Church.

11. Trustee believes that the proposed settlement is fair and reasonable and in the best interests of the Estate. Special Counsel, who has extensive experience in personal injury actions arising from clerical abuse similar to the PI Claim, has

3

recommended that Trustee and Debtor accept the terms of the settlement with Defendant based upon their assessment of the merits of the case and the risks associated with litigating the PI Claim. Trustee believes that the amount of the proposed settlement will allow the Trustee to pay all creditors in full and will ultimately return a substantial portion of the award to the Debtor.

### Request to Pay Final Compensation and Expense Reimbursement to Co-Special Counsel from the Estate Settlement Payment

12. Under the terms of Trustee's retention of Anderson and Pearlman previously approved by this Court, Special Counsel agreed to represent the Estate in the liquidation of the PI Claim on a contingent basis for 40% of any recovery. The retainer agreement provides that the contingent fee paid to Special Counsel shall be divided between Special Counsel as follows: 60% of the fee to Jeff Anderson and 40% of the fee to Marc Pearlman.

13. Accordingly, Trustee seeks allowance of and authority to pay from the Estate's Settlement Payment final compensation to Special Counsel for legal services rendered on behalf of the Estate in liquidating the PI Claim in the following amounts:

| | |
|---|---|
| Anderson | $156,000.00 |
| Pearlman | $104,000.00 |

14. Special Counsel has incurred litigation costs and expenses totaling $332.47 in their representation of Trustee and Debtor in the PI Claim. Expenses were incurred, among other things, for medical records, photocopying and delivery costs. An itemization of the expenses incurred by Special Counsel is attached hereto as **Group Exhibit A**. Trustee requests allowance of and authority to pay to Special Counsel reimbursement of expenses from the Estate's Settlement Payment in the following amounts:

| | |
|---|---|
| Anderson | $268.43 |
| Pearlman | $ 64.04 |
| | $332.47 |

4

### Payment of Debtor's Exemption

15. The Debtor is entitled to receive a $15,000.00 personal injury exemption in the proceeds of the proposed settlement in accordance with the provisions of 735 ILCS 5/12-1001(h)(4). Trustee seeks authority to pay David B. Sablik $15,000.00 on account of his exemption, immediately upon her receipt of the Estate's Settlement Payment.

### Request to Pay Medicare Lien

16. In addition to the foregoing expenses to be reimbursed to Special Counsel, Debtor incurred expenses related to his PI Claim which Medicare paid on Debtor's behalf and for which Medicare now claims a lien. Medicare paid a total of $801.77 on behalf of Debtor for medical services related to his PI Claim. Medicare has voluntarily reduced its total claim to $480.65.

17. Pursuant to applicable federal law, Trustee believes that Medicare holds a valid secured lien against the settlement proceeds. Trustee therefore seeks allowance of a secured claim in favor of Medicare in the reduced amount of $480.65. Trustee also requests authority for the Defendant's third-party claims service provider, Gallagher Basset Services, Inc., to be authorized to pay Medicare directly from the proceeds of the settlement the sum of $480.65 in full satisfaction of Medicare's secured claim against the Estate.

### Notice

18. Trustee has provided 21 days' notice of the hearing on this Motion to the Debtor, Debtor's bankruptcy counsel, Medicare, the United States Trustee, all creditors and other parties in interest in the form attached hereto as **Exhibit B** in accordance with the provisions of Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Elizabeth C. Berg, as Trustee of the Estate of David B. Sablik, debtor, requests that this Court enter an order:

A. Approving the proposed compromise and settlement of the PI Claim with Defendant for $650,000.00 pursuant to the terms set forth herein;

B. Authorizing Trustee to execute any and all documents as may be necessary to implement the settlement;

C. Allowing and authorizing Trustee, upon receipt of the Estate's Settlement Payment and without further order of court, to pay to her Special Counsel as final compensation for their services rendered in the resolution of the PI Claim the following amounts:

    i) Anderson    $156,000.00
    ii) Pearlman    $104,000.00

D. Allowing and authorizing Trustee, upon receipt of the Estate's Settlement Payment and without further order of court, to pay reimbursement of the litigation expenses incurred by Special Counsel in the following amounts:

    i) Anderson    $268.43
    ii) Pearlman    $ 64.04

E. Allowing and authorizing Trustee, upon receipt of the Estate's Settlement Payment and without further order of court, to pay to the Debtor the sum of $15,000.00 in full payment of his exemption in the PI Claim;

F. Allowing Medicare a secured claim against the proceeds of settlement of the PI Claim in the amount of $480.65; and

G. Authorizing the direct payment to Medicare of the sum of $480.65 by Defendant's third-party claims service provider, Gallagher Bassett Services, Inc., in full satisfaction of Medicare's allowed secured claim; and

      H.     For such other and further relief as this Court deems just and reasonable.

Dated: August 30, 2017                  Respectfully submitted,

                                                 ELIZABETH C. BERG, as trustee of
                                                 the estate of David B. Sablik, debtor

                                                 By: _____ /s/ Elizabeth C. Berg___

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois 60602
(312) 726-8150

7

| 9:44 AM | | Jeff Anderson & Associates P.A. | | |
|---|---|---|---|---|
| 07/13/17 | | **Client Expense Report** | | |
| Accrual Basis | | **All Transactions** | | |

| Date | Source Name | Memo | Amount | Balance |
|---|---|---|---:|---:|
| **Sablik, David** | | | | |
| 07/10/2015 | Ecker Center for Medical Health | Sablik, David - medical records | 30.00 | 30.00 |
| 07/17/2015 | Midwest ROI | Sablik, David - medical records | 80.43 | 110.43 |
| 10/28/2015 | Social Secuirty Administration | Sablik, David - records | 158.00 | 268.43 |
| **Total Sablik, David** | | | **268.43** | **268.43** |
| **TOTAL** | | | **268.43** | **268.43** |

Group Exhibit A

Page 1



KERNS FROST & PEARLMAN, LLC

Federal Tax ID No.: 36-4415603

July 6, 2017
Account No: 0410-49108
Invoice No.: 38237

David Sablik v. Chicago Archdiocese
Our File No.: 0410-49108

Expenses

| Date | Expense | Amount |
| --- | --- | --- |
| 7/31/2015 | Photocopy Charges (16 Pages @ $0.10) | 1.60 |
| 10/31/2015 | Photocopy charges (35 Pages @ $0.10) | 3.50 |
| 10/31/2015 | Postage | 8.32 |
| 1/10/2017 | Courier/Shipping fee – Federal Express | 13.75 |
| 1/31/2017 | Meal – M. Pearlman | 36.87 |
| | Total Expenses | 64.04 |

Balance Due And Payable Within Thirty Days Of Receipt

2201 Waukegan Road • Suite 160 • Bannockburn, Illinois 60015 • Tel: 312.261.4550 • Fax: 312.261.4585
www.kfplegal.com

Group  Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 10-19971 |
| David B. Sablik, | ) | Hon. Janet S. Baer |
| | ) | (Kane County) |
| | ) | Hearing Date: September 22, 2017 |
| Debtor. | ) | Time: 11:00 a.m. |

**Trustee's Motion to 1) Approve Compromise or Settlement Per Rule 9019
with the Catholic Bishop of Chicago and the Archdiocese of Chicago;
2) Pay Final Compensation to Jeff Anderson and Marc J. Pearlman,
Co-Special Counsel to Trustee; 3) Pay Litigation Expenses; 4) Pay Debtor's Exemption; and
5) Allow and Authorize Payment of Secured Claim of Medicare**

To:   *Debtor, All Creditors and Other Parties in Interest*

**PLEASE TAKE NOTICE** that on August 30, 2017, Elizabeth C. Berg, as trustee ("Trustee") of the estate of David B. Sablik, debtor ("Debtor"), filed her **Motion to 1) Approve Compromise or Settlement Per Rule 9019 with the Catholic Bishop of Chicago and the Archdiocese of Chicago; 2) Pay Final Compensation to Jeff Anderson and Marc J. Pearlman, Co-Special Counsel to Trustee; 3) Pay Litigation Expenses; 4) Pay Debtor's Exemption; and 5) Allow and Authorize Payment of Secured Claim of Medicare** ("Motion"). A copy of the Motion is on file and available for inspection and copying at the office of the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604. A copy of the Motion may also be obtained from the Trustee or on the internet at the Court's website at www.ilnb.uscourts.gov/.

As set forth in the Motion, Trustee seeks authority to a settle Debtor's claim for personal injuries ("PI Claim") against the Catholic Bishop of Chicago and the Roman Catholic Archdiocese of Chicago ("Defendants"). The PI Claim is property of the Bankruptcy Estate. Trustee has previously retained Debtor's PI counsel, Jeff Anderson ("Anderson") and Marc J. Pearlman ("Pearlman") as her co-special counsel to represent her in the liquidation of the PI Claim for the benefit of the Estate. Medicare claims a secured lien in the PI Claim in the amount of $480.65.

The parties to the PI Claim have entered into negotiations in an effort to settle the PI Claim. As a result of these efforts, the parties have reached a settlement whereby the Defendants will pay $650,000.00 to settle the PI Claim, as follows:  Defendants will pay a single lump sum payment of $649,519.35 to the Estate and a direct payment to Medicare of $480.65. The amount of the proposed settlement is sufficient to pay all creditors and administrative claimants of the Estate in full and return a surplus to the Debtor. **Any creditor who has not yet filed a proof of claim may still participate in the Trustee's final distribution of the settlement proceeds and receive a payment if they file a proof of claim with the Bankruptcy Court for an allowable claim prior to the Trustee's final distribution in the case in accordance with the provisions of section 726 of the Bankruptcy Code.**

Trustee seeks allowance of and authority to pay to Trustee's co-special counsel pursuant to the contingent fee agreement previously approved by the Bankruptcy Court the following: $160,000.00 to Anderson and $104,000.00 to Pearlman as final compensation for attorney's fees. Trustee also seeks authority to reimburse Anderson $268.43 and Pearlman $64.04 for valid litigation expenses, including medical records and photocopying, all of which Trustee has reviewed and deemed reasonable. Trustee further seeks allowance of and authority for the payment to Medicare of its allowed secured claim of $480.65. Finally, Trustee seeks authority to pay Debtor his $15,000.00 personal injury exemption.

Trustee believes it is in the best interests of creditors that she accept the proposed settlement because all bankruptcy creditors holding allowed claims will be paid in full and Trustee will avoid the

risks and time delays involved in proceeding to litigate the PI Claim. Furthermore, co-special counsel, who specializes in personal injury actions against the Roman Catholic Church similar to the PI Claim, has recommended that Trustee accept the terms of the proposed settlement based upon their assessment of the merits of the case and the risks associated with litigating the PI Claim.

Objections, if any, to the proposed settlement must be filed on or before **September 21, 2017** with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, with a copy to be served upon the Trustee at the address set forth below.

A hearing will be held upon the Trustee's Motion and any objections thereto on **September 22, 2017 at 11:00 a.m.** before the Honorable Janet S. Baer, Courtroom 240 of the Kane County Courthouse, 100 S. 3rd Street, Geneva, Illinois, at which time you may, but need not, appear and be heard. If no objections are filed or if no party requests a formal hearing on the Motion, the Motion may be granted without further hearing thereon.

Dated: August 30, 2017

Elizabeth C. Berg
20 N. Clark St. #200
Chicago, IL 60602
(312) 726-8150

Elizabeth C. Berg, as Trustee of the
Estate of David B. Sablik, debtor

**Exhibit B**